UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANKLIN VARGAS,

    Petitioner,

vs.                                                    Case No. 8:04-CV-1831-T-27MSS
                                                        Crim Case No. 8:02-CR-442-T-27MSS

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (Dkt. cv-1),[1] Petitioner's Memorandum in Support (Dkt. cv-3), Petitioner's Supplement Brief (Dkt. cv-8), Government's Response in Opposition (Dkt. cv-12), and Petitioner's Reply to Government's Opposition (Dkt. cv-13). Upon consideration, Petitioner's Motion is DENIED. By virtue of the sentence appeal waiver clause in his plea agreement, Petitioner waived the right to collaterally attack his sentence.

    Defendant was charged in a two count Indictment with possession with intent to distribute 5 kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States (Count One) and conspiracy to possess with intent to distribute 5 kilograms or more of cocaine (Count Two). (Dkt. cr-1). On February 3, 2003, Defendant entered into a plea agreement, whereby he plead guilty to Count One and the Government agreed to dismiss Count Two. (Dkt. cr-57

---

[1] The documents from the criminal and civil case files will be cited as Dkt. cr-[Doc. No.] and Dkt. cv-[Doc No.], respectively.

at p. 1-2). In his plea agreement, Defendant expressly waived "the right to appeal [D]efendant's sentence, directly or collaterally, on any ground, including the applicability of the 'safety valve' provisions . . . except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines . . ." (Dkt. cr-57 at p. 12).

Defendant plead guilty to Count One of the Indictment pursuant to his plea agreement on March 13, 2004, before a Magistrate Judge. (Dkt. cr-83). On August 29, 2003, Defendant was sentenced to 144 months in prison as to Count One, to be followed by 60 months of supervised release and was assessed a special assessment of $100.[2] Defendant did not appeal his judgment and sentence.

The instant petition was signed on August 5, 2004, within one year of judgment and is, therefore, timely. The Court presumes that the Petition was delivered to the Bureau of Prison authorities for mailing, notwithstanding that it was docketed with the Clerk of this Court on August 9, 2004.

In his Motion to Vacate, Petitioner raises two (2) issues:

> Ground One: "Conviction Obtained because the Indictment was an Unconstitutional Prosecution."
>
> Ground Two: "Denial of Effective Assistance of Counsel."

In his written plea agreement, Petitioner waived his right to challenge his sentence either through direct appeal or collateral attack. (Dkt. cr-57 at p. 12). A sentence appeal waiver is enforceable if the waiver was made knowingly and voluntarily. United States v. Bushert, 997 F.2d

---

[2] Defendant was subject to a mandatory minimum term of imprisonment of ten years to life. (Dkt. cr-57 at p.2).

1343, 1350 (11th Cir. 1993); United States v. Buchanan, 131 F.3d 1005, 1008 (11th Cir. 1997). To ensure that a waiver is made knowingly and voluntarily, "the district court [must] specifically question the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, unless it is otherwise clear from the record that the defendant understood the significance of the waiver." Buchanan, 131 F.3d at 1008 (citing Bushert, 997 F.2d at 1351-1352). During the Rule 11 colloquy, the Magistrate Judge thoroughly discussed Petitioner's appeal waiver and Petitioner acknowledged his understanding in that regard. (Dkt. cr-143 at p. 23-24). Petitioner's appeal waiver was therefore made knowingly and voluntarily. By virtue of the appeal waiver provision in his plea agreement, Petitioner waived his right to seek collateral review of his judgment and sentence. His Motion to Vacate should be accordingly denied.

Furthermore, as a result of Petitioner's guilty plea, his claim of pre-plea ineffective assistance of counsel must be denied. The Government correctly contends that "[g]uilty pleas foreclose most claims from collateral attack. (Dkt. cv-12) (Dkt. cv-12) See, e.g., United States v. Broce, 488 U.S. 563, 569 (1989); Dermota v. United States, 895 F.2d 1324, 1326 (11th Cir.) (double jeopardy claim waived), [*cert. denied,*] 498 U.S. 837 (1990)." The Government also correctly contends that "[g]uilty pleas waive all but jurisdictional claims up to the time of the plea. Tollett v. Henderson, 411 U.S. 258 (1973), Stano v. Dugger, 921 F.2d 1125 (11th Cir. 1991), [*cert. denied,*] 502 U.S. 835 (1991). This waiver includes constitutional claims, such as pre-plea ineffectiveness of counsel claims. Wilson v. United States, 962 F.2d 996 (11th Cir. 1992).

Petitioner's argument that 46 U.S.C. § 1903 is unconstitutional because it removes a question from the jury raises a procedural issue that Petitioner waived by his entry of the guilty plea. See Askew v. Alabama, 398 F.2d 825, 825 n.1 (5th Cir. 1968) (stating that waiver extends "to

violations of those procedural rights guaranteed by due process which are incident to the criminal investigation and prosecution"). Accordingly, Petitioner's unconstitutional prosecution and ineffective counsel claim must be denied.

Therefore, it is

**ORDERED AND ADJUDGED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (Dkt. cv-1) is DENIED. The Clerk is directed to enter judgment accordingly and close this case.

**DONE AND ORDERED** in chambers this 2nd day of September, 2005.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record